UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ACUITY INSURANCE COMPANY,      )
                               )
            Plaintiff,         )
                               )
                               )      No. 4:11CV2041 AGF
                               )
                               )
JOCELYN and ADRIAN JONES,      )
                               )
            Defendants.        )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Acuity Insurance Company's motion

for default judgment against Defendants Jocelyn and Adrian Jones. (Doc. No. 21.)

On November 22, 2011, Plaintiff filed its complaint for declaratory judgment

seeking a declaration that Defendants are not entitled to coverage under the Acuity

insurance policy number R84456-3; that Plaintiff is not in any manner liable for the May

23, 2011 fire loss; that the fire was the direct result of an intentional act of Defendants or

someone at their direction; and that Defendants made material misrepresentations,

engaged in fraudulent conduct, and made false statements with regard to the cause of the

claimed loss.

Plaintiff made proper service on Defendants on December 3, 2011. *See* Doc. Nos.

21-1 and 21-2. On December 13, 2011, Defendants requested additional time to answer

the complaint and the Court granted that request. On January 5, 2012, the Court stayed

these proceedings due to Defendants' filing of bankruptcy. On June 20, 2012, the stay

was lifted, and the Court ordered Defendants to answer or otherwise respond by July 23,

2012.  A copy of the Order was sent to Defendants at the address provided by Defendant

Jocelyn Jones.  Plaintiff thereafter filed a motion for Clerk's entry of default, and later a

motion for default judgment.  Though both motions were served on Defendants,

Defendants filed no response.

To date, Defendants have failed to plead or otherwise defend against the complaint

for declaratory judgment as provided in the Federal Rules of Civil Procedure.  Thus, all

allegations contained in Plaintiff's complaint are deemed admitted.

## APPLICABLE LAW

The entry of default by the Clerk of Court pursuant to Fed. R. of  Civ. P. 55(a) is a

prerequisite to the grant of a default judgment under Rule 55(b) (2), but whether to grant

default judgment is a separate question within the discretion of the Court.  *See Murray v.

Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (internal quotation omitted).   After default has

been entered, the defendant is deemed to have admitted all well pleaded factual

allegations in the complaint.  *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010); *see

also* Fed. R. Civ. P. 8(b) (6) (stating that any "allegation other than one relating to the

amount of damages is admitted if a responsive pleading is required and the allegation is

not denied").

 Nonetheless, before the Court may enter a default judgment setting forth the

declaration Plaintiff seeks, it must be satisfied, on the basis of the sufficiency of the

complaint and the substantive merits of Plaintiff's claim, that "the unchallenged facts

constitute a legitimate cause of action."  *See Murray*, 595 F.3d at 871 (internal quotation

omitted).   At that juncture, "it remains for the [district] court to consider whether the

unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." Id. (quoting 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2688 at 63 (3d ed. 1998)). "[A]lthough the defendant may not be allowed, on appeal, to question the want of testimony or the insufficiency or amount of the evidence, he is not precluded from contesting the sufficiency of the bill, or from insisting that the averments contained in it do not justify the decree." *Ohio Cent. R. Co. v. Central Trust Co.*, 133 U.S. 83, 91 (1890).

Upon consideration of the complaint and the substantive merits of Plaintiff's request for declaratory judgment, the Court concludes that Plaintiff's complaint adequately alleges and supports the declaratory relief sought. Therefore, the entry of a default judgment pursuant to Rule 55(b)(2) is proper here.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for default judgment is **GRANTED**. (Doc. No. 21.)

A separate Default Judgment shall accompany this Memorandum and Order.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of March, 2013.